**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **JULIAN LOPEZ JR.**, individually and on behalf of all others similarly situated, | § § § § § § § § § § § | **CASE NO. 4:20-cv-1579** |
| *Plaintiff*, | | |
| v. | | |
| **AMERITEX MOVERS, INC.**, | | |
| *Defendant*. | | |

**PLAINTIFF'S ORIGINAL COMPLAINT - FLSA COLLECTIVE ACTION**

1. Plaintiff Julian Lopez, Jr. ("Plaintiff"), individually and on behalf of all other "similarly situated" workers of Defendant Ameritex Movers, Inc. ("Defendant"), files this lawsuit to recover unpaid minimum and overtime wages, liquidated damages, attorneys' fees, and costs under the provisions of section 216(b) of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended 29 U.S.C. §§ 201, *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 1331 as this case involves questions of federal law, specifically the FLSA.

3. This Court has personal jurisdiction over Defendant because it is a Texas resident.

4. Venue is proper in this District and Division because a substantial portion of the events forming the basis of this suit occurred in this District and Division, including many of the wrongs herein alleged.

1

## PARTIES & PERSONAL JURISDICTION

5. Plaintiff Julian Lopez, Jr. is an individual residing in Harris County, Texas. His written consent form to this action is attached hereto as Exhibit 1.

6. The "Class Members" constitute all individuals whose primary duty was to engage in the moving services business on behalf of Defendant and were classified as independent contractors at any time from the three year period prior to the filing of the Complaint to the present.

7. Defendant Ameritex Movers, Inc. is a domestic for profit corporation organized and existing under the laws Texas. Said Defendant can be served with process by serving its registered agent Behnaz Rohani, 9200 W Sam Houston Parkway S, Houston, Texas 77099.

## COVERAGE

8. At all material times, Defendant has been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

9. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had and continues to have employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. At all material times, Defendant has had an annual gross business volume in excess of the statutory standard of $500,000.

11. At all material times, Plaintiff and the Class Members were/are employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

**FACTS**

12. Defendant operates a local, intrastate moving company for residential and commercial customers throughout Texas.[1]

13. To do this work, Defendant employs movers, like Plaintiff and Class Members (*i.e.*, the "real stars"), who are "always on their feet, ready to cater to the comfort and satisfaction of [Defendant's] clients."[2]

14. Defendant's services "are aided by state of the art equipment. [Specifically, Defendant's] mighty fleet of thirty 24-foot International brand box trucks is the core of [their] moving company, efficiently conducting moves to and from Houston and its neighboring cities as well as other areas in Texas." *Id*.

15. On its website, Defendant claims to be "the only moving company to offer [its customers] a Stress-Free Move Guarantee." *Id*.

16. To do so, Defendant employs movers, like Plaintiff and the Class Members, to provide moving services and drive its trucks within the state of Texas.

17. Defendant classifies its movers, like Plaintiff and Class members, as independent contractors.

18. However, Defendant retains significant control over all aspects of its movers' employment, so that it can provide its customers with "the same treatment, care, and efficiency." *Id*.

---

[1] https://ameritexhouston.com/get-to-know-us/; *see also* https://ameritexhouston.com/inner-loop-movers/houston-movers/ at "Additional Locations," which lists all in-state locations where Defendant operates its moving business) (last visited on 5/4/20).

[2] https://ameritexhouston.com/get-to-know-us/

3

19. Plaintiff worked for Defendant as a Mover. He worked in Houston, Texas and began working for Defendant on or about May 2019 through on or about March 2020.

20. He regularly worked overtime hours for Defendant, whose business operated seven days a week. Defendant's business operates (at minimum) from 8 am to 7pm, seven days a week.[3]

21. For this work, Plaintiff was paid on a commission basis, which percentage depended on factors such as the distance required for the move. However, Plaintiff was not paid any additional compensation when he worked more than 40 hours per week.

22. Additionally, Defendant took illegal deductions from Plaintiff's wages for required company uniforms, and as "lease payments" so Plaintiff can use Defendant's equipment. There is no valid basis for Defendant to reduce Plaintiff's wages, and as a result, Plaintiff did not receive the federally mandated minimum wage.

23. Plaintiff and the Class Members were not paid the minimum wage or overtime because they were misclassified as independent contractors.

24. Plaintiff and the Class Members are not independent contractors, but are employees.

25. Plaintiff and the Class Members were paid a commission.

26. Plaintiff and the Class Members were required to report at the beginning of a job and at the completion of a job. However, additional work was required of them and performed by Defendant which took place before and after reporting jobs done.

---

[3] https://ameritexhouston.com/get-to-know-us/

27. Defendant hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and the Class Members.

28. In addition, Defendant instructed Plaintiff and the Class Members about when, where, and how they were to perform their work.

29. Moreover, the following conduct demonstrates that Defendant acted as an employer with respect to Plaintiff and the Class Members:

   a. Defendant required Plaintiff and the Class Members to report to their assigned job site at a set time;

   b. Defendant required Plaintiff and the Class Members to request time off in advance and have that time away from work preapproved;

   c. Defendant set forth the required procedures to be followed and the order and manner in which Plaintiff and the Class Members were to perform their work;[4]

   d. Plaintiff and the Class Members faced termination if they failed to perform their work in the manner required by Defendant;

   e. Defendant assigned Plaintiff and the Class Members a substantial number of hours of work per week;

---

[4] *See* https://ameritexhouston.com/info-center/faq/ (Defendant's FAQ website explaining what arrival on time means, how to make payment through them for moving services, declining payment by cash or check, explaining when payment is due, explaining how deposit payments are applied, its cancellation policy, their hourly rates, minimum fees, trip fees, whether movers may take toll ways, how fast a mover is allowed to drive, whether customers can assist movers, whether customers can ride in the same truck as the movers, whether movers can disconnect and reconnect furniture and appliances, how long a move can take, how to schedule packaging and moving, and providing quotes for moving services).

5

  f. Plaintiff's and the Class Members' services were integrated into Defendant's operations. Indeed, without movers, Defendant's business cannot exist;

  g. Plaintiff and the Class Members constituted the workforce without which Defendant could not perform their services;

  h. Plaintiff and the Class Members worked for Defendant for long periods of time as is common with employees; and

  i. Defendant maintained the right to discharge Plaintiff and the Class Members at any time.

30. Furthermore, the degree of investment Plaintiff and the Class Members made to perform their work pales in comparison to the expenses Defendant incurred.

31. Further, Plaintiff and the Class Members performed work that was integral to the operations of Defendant.

32. Moreover, Defendant supervised and controlled the activities of Plaintiff and the Class Members. Defendant monitored their work, reviewed their work, issued instructions, and directed their work in the manner deemed sufficient by Defendant.

33. Despite these facts, Defendant improperly classified Plaintiff and the Class Members as independent contractors and not as employees.

34. Defendant misclassified the Plaintiff and the Class Members as independent contractors to avoid its obligations to pay these employees minimum wage and overtime.

35. However, at all times, Plaintiff and the Class Members were employees of Defendant.

36. Although Plaintiff and the Class Members have been required to work more than forty (40) hours per work-week, and did so frequently, they were not compensated at the FLSA

mandated time-and-a-half rate for overtime hours. They were also not compensated at the federally mandated minimum wage for hours worked up to 40 each week.

37. No FLSA exemption applies to Plaintiff or the Class Members.

38. Defendant's method of paying Plaintiff and all Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct complied with the FLSA. Defendant's pay scheme was not by accident, but a well thought out plan to reduce their labor costs. Defendant knew the requirement to pay overtime to its employees, but intentionally and/or recklessly chose not to do so. Accordingly, Defendant's violations of the FLSA were willful.

## **FLSA COLLECTIVE ACTIONS**

39. Plaintiff seeks to bring his claims under the FLSA on behalf of himself and all other similarly situated workers of Defendant. Those who file a written consent will be a party to this action pursuant to 29 U.S.C. § 216(b). Plaintiff seeks unpaid wages, liquidated damages, court costs, and attorneys' fees on behalf of the Class.

40. Plaintiff has actual knowledge that the Class Members have also been denied minimum wage and overtime pay per workweek. That is, Plaintiff worked with other movers of Defendant. As such, he has first-hand personal knowledge of the same pay violations throughout Defendant's operations.

41. Other workers similarly situated to the Plaintiff work or have worked for Defendant, but were not paid the minim wage and/or overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek.

42. Although Defendant permitted and/or required the Class Members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty. Likewise, they denied them their minimum wages.

43. The Class Members perform or have performed the same or similar work as the Plaintiff.

44. The Class Members regularly work or have worked in excess of forty hours during a workweek.

45. Like Plaintiff, the Class Members were not paid minimum wage and/or overtime.

46. The Class Members are not exempt from receiving overtime under the FLSA.

47. As such, the Class Members are similar to the Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of minimum wage and/or overtime.

48. Defendant's failure to pay minimum wage and overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

49. The experience of the Plaintiff, with respect to his pay, and lack thereof, is typical of the experiences of the Class Members.

50. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

51. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

52. Although the exact amount of damages may vary among Class Members, the damages can be easily calculated by a simple formula. The claims of all Class Members arise from

a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

53. As such, the classes of similarly situated workers is properly defined as follows:

**"All individuals whose primary duty was to provide moving services on behalf of Defendant and were classified as independent contractors at any time from the three year period prior to the filing of the Complaint to the present."**

<div align="center">

### FIRST CAUSE OF ACTION
### Violation of the FLSA—Collective Action
### (Failure to Pay Overtime)

</div>

54. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

55. 29 U.S.C. § 216(b) allows Plaintiff to assert FLSA claims on behalf of himself and all other employees similarly situated. Plaintiff asserts this claim on behalf of himself and all similarly situated employees in the Class defined above, who worked for Defendant at any time from the date three years prior to the date the Complaint was originally filed continuing through the present. All requirements for a collective action are met.

56. 29 U.S.C. § 207 requires Defendant to pay all employees for each hour worked in excess of 40 at a rate equal to one and one half times the regular rate of pay.

57. Defendant failed to pay Plaintiff and the Class Members overtime.

58. Based on the foregoing, Plaintiff and the Class Members are entitled to the full statutory overtime as set forth in 29 U.S.C. § 207 for all periods in which they worked for Defendant.

59. They are also entitled to all wages that were wrongfully deducted from their pay.

60. Defendant's conduct was willful and with the intent to avoid paying them overtime and other benefits that they are legally entitled.

61. The Plaintiff and Class Members are not exempt from the overtime requirements under the FLSA.

62. The FLSA provides that a private civil action may be brought for the payment of federal minimum wages and overtime together with an equal amount in liquidated damages. Moreover, Plaintiff and the Class Members are entitled to recover attorneys' fees and costs incurred in enforcing their rights pursuant to 29 U.S.C. § 216(b).

63. 29 U.S.C. § 211(c) provides in relevant part:

> Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder.

64. 29 C.F.R. § 516.2 further requires that every employer shall maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee during the workweek.

65. To the extent Defendant failed to maintain all records required by the aforementioned statute and regulations, and failed to furnish to Plaintiff and the Class Members comprehensive statements showing the hours they worked during the relevant time period, they also violated the law.

66. When an employer fails to keep accurate records of hours worked by its employees, the rule in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-688 is controlling. That rule states:

> [W]here the employer's records are inaccurate or inadequate. . .an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient

10

        evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer failed to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

67. The Supreme Court set forth the above standard to avoid allowing the employer to benefit by failing to maintain proper records. Where damages are awarded pursuant to the standard in *Mt. Clemens*, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with. . .the Act." *Id.*

68. Based on the foregoing, on behalf of the Class Members, Plaintiff seeks unpaid overtime at the required legal rates for all their work during the relevant time period, back pay, reimbursement of all wrongful deductions, restitution, liquidated damages, attorneys' fees and costs, and any other relief allowed by law.

## SECOND CAUSE OF ACTION
### Violation of the FLSA—Collective Action
### (Failure to Pay Minimum Wage)

69. Plaintiff, on behalf of himself and the Class Members, alleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

70. The foregoing conduct, as alleged, violated the FLSA.

71. Defendant is and was required to pay its employees at least the minimum wage for all hours worked under forty in a given workweek. 29 U.S.C. § 206.

72. Defendant failed to pay Plaintiff and the Class Members the federally-mandated minimum wage for all hours worked under forty in a given workweek.

11

73. Accordingly, Plaintiff and Class Members are entitled to the full statutory minimum wages set forth in 29 U.S.C. § 206.

74. Defendant's conduct was willful and done to avoid paying minimum wages and overtime. 29 U.S.C. § 255(a). Therefore, Plaintiff and Class Members are entitled to recover damages based on the FLSA's three (3) year statutory limitations period.

75. Based on the foregoing, on behalf of the Class Members, Plaintiff seeks unpaid minimum wages at the required legal rates for all their work during the relevant time period, back pay, reimbursement of all wrongful deductions, restitution, liquidated damages, attorneys' fees and costs, and any other relief allowed by law.

## **JURY DEMAND**

76. Plaintiff demands trial by jury on all issues so triable.

## **PRAYER**

77. Plaintiff, on behalf of himself and the Class Members, defined above, prays for relief as follows:

   A. Determining that the FLSA claims stated herein may proceed as a collective action;

   B. Declaring that Defendant committed multiple, separate violations of the FLSA;

   C. Declaring that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FLSA;

   D. Awarding actual and statutory damages, unpaid overtime wages, unpaid minimum wages; liquidated damages, reimbursement for all withheld deductions, and penalties as authorized by the FLSA;

   E. Awarding reasonable attorneys' fees and costs as provided by the FLSA; and

   F. Granting such other and further relief, in law or equity, as this Court may deem appropriate and just.


Dated: May 5, 2020

                                Respectfully submitted,

                                SHELLIST | LAZARZ | SLOBIN LLP

                                By:    */s/ Ricardo J. Prieto*
                                          Ricardo J. Prieto
                                          Texas Bar No. 24062947
                                          rprieto@eeoc.net
                                          Melinda Arbuckle
                                          Texas Bar No. 24080773
                                          marbuckle@eeoc.net
                                          Shellist Lazarz Slobin LLP
                                          11 Greenway Plaza, Suite 1515
                                          Houston, TX 77046
                                          (713) 621-2277 – Telephone
                                          (713) 621-0993 – Facsimile

                                ATTORNEYS FOR PLAINTIFF &
                                PUTATIVE COLLECTIVE ACTION MEMBERS